IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA          :
                                  :
          v.                      :     CRIMINAL NO. 07-cr-00491-JF
                                  :
ALEXIS AYALA-MENDEZ               :


MEMORANDUM

Fullam, Sr. J.                                    March 8, 2010

          The defendant, Alexis Ayala-Mendez, was found guilty by
a jury of having assaulted a federal agent.  On November 17,
2008, he was sentenced to imprisonment for 120 months.  The
judgment specifies that "the sentence shall begin and be computed
from the time of the defendant's arrest in this case."  The
docket reflects that a bench warrant was issued for the defendant
on August 16, 2007.  An order of temporary detention was issued
on September 13, 2007, and an order of detention was issued on
September 20, 2007.

          On December 28, 2009, the defendant, acting *pro se*,
filed with this Court two separate documents.  One, entitled
"Defendant's Motion for Re-sentence to Award Jail Time Credit
Under 18 U.S.C. § 3585(b)," seems intended to suggest that he is
not being awarded credit for all of the time spent in detention
before trial, but is so totally lacking in detail as to render
interpretation impossible.

          The other document filed on December 28, 2009, is
entitled "Defendant's Motion for Re-sentencing, Under

Extraordinary Circumstances, to File a Notice of Appeal." In that document, defendant asserts that, after being sentenced, he instructed his then-counsel to file a notice of appeal, but his counsel failed to do so. He wishes to be re-sentenced, so as to be able to file a timely notice of appeal.

In response to these filings, the government points out, quite correctly, that if the Bureau of Prisons has not properly calculated the commencement of his sentence, defendant must seek relief in the jurisdiction in which he is now in custody (the Middle District of Pennsylvania) rather than in this Court. The government also suggests that defendant's contention that his trial counsel was ineffective for failing to file a notice of appeal should be asserted by a motion under 28 U.S.C. § 2255; that it is now much too late for any such application; that the alleged dereliction on the part of his trial counsel is insufficient to justify equitable tolling; and, that both of the defendant's applications are untimely and should be rejected.

My conclusions are as follows: (1) if the Bureau of Prisons has not properly calculated the start-date of defendant's custody, defendant would eventually be in a position to assert that he is being held in custody in violation of his constitutional rights, and is entitled to release upon a writ of habeas corpus. Any such relief should be obtained in the jurisdiction where he is then confined. The present application

for relief is premature.  On the other hand, it is reasonable to suppose that, if a mistake is being made by the Bureau of Prisons, that mistake will be corrected upon notification by the defendant that the error has occurred.  The present application should be dismissed without prejudice to later proceedings if they become necessary.

With respect to the request for re-sentencing so that he can file a timely appeal, I conclude that this is relief which would be available only under 28 U.S.C. § 2255, and that the defendant waited too long to make such an application.

An Order follows.


BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.